GORSUCH, Circuit Judge,
concurring.
Two significant questions lurk just beneath the surface of this appeal. First, my colleagues correctly note that — under controlling circuit precedent — the government didn’t have to prove Mr. Law knew he was a felon in order to convict him for violating 18 U.S.C. § 922(g) and § 924(a). But while we must obey this precedent, that doesn’t make it right. In fact, our precedent is impossible to square with the plain language of the governing statutes. See United States v. Games-Perez, 667 F.3d 1136, 1142-46 (10th Cir.2012) (Gorsuch, J., concurring). And as this case shows, the issue (and our error) recurs regularly.
Second, we might have had a more difficult time resolving this case if Mr. Law had challenged Oklahoma’s “following too closely” traffic ordinance on the ground that it failed to afford a reasonable person in his shoes notice that his conduct was illegal. As it is, though, Mr. Law didn’t press a Fourteenth Amendment due process void-for-vagueness challenge but only a Fourth Amendment search-and-seizure argument. And, as my colleagues explain, respect for circuit precedent —United States v. Vercher, 358 F.3d 1257 (10th Cir.2004) — compels us to reject that particular argument as well.